IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHARLES B. ERWIN, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter Defendant, | ) | |
| | ) | |
| v. | ) | 1:06CV59 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |
| Third Party Plaintiff, | ) | |
| and Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN C. COGGIN, | ) | |
| WILLIAM G. PINTNER, | ) | |
| JAMES BARRY LIGHT, and | ) | |
| HARTSELL B. LIGHT, JR., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

MEMORANDUM OPINION, ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion for Default Judgment as to Stephen C. Coggin filed by the United States of America [Doc. #105], a Motion to Dismiss Third Party Complaint filed by Third Party Defendant William G. Pintner [Doc. #109], and a Motion for Relief from Scheduling Order Deadline filed by the United States of America [Doc. #111]. The Motion for Default Judgment and the Motion for Relief from Scheduling Order are unopposed. The Motion to Dismiss the Third Party Complaint is fully briefed. For the reasons stated below, this Court recommends that the Motion for Default Judgment be dismissed without prejudice

and that the Motion to Dismiss the Third Party Complaint be denied, and the Court orders that the Motion for Relief from Scheduling Order be granted.

I. FACTS, CLAIMS, AND PROCEDURAL HISTORY

In this case, Plaintiff Charles B. Erwin ("Erwin") originally filed this suit against the United States, seeking a recovery of tax penalties assessed in connection with his business G.C. Affordable Dining, Inc. ("GCAD").[1] The United States filed a counterclaim against Erwin, as well as other individuals affiliated with GCAD, for approximately $265,000 in unpaid payroll taxes. The other individuals who were included as Third Party Defendants were GCAD president Stephen Coggin ("Coggin"), GCAD manager William Pintner ("Pintner"), and GCAD accountants Hartsell Light and James Barry Light ("the Light Defendants").

On March 18, 2008, the Court granted Judgment [Doc. #76] in favor of the United States against Plaintiff/Counter Defendant Erwin for the unpaid payroll taxes of GCAD. The Fourth Circuit affirmed that Judgment. Erwin v. United States, 591 F.3d 313 (4th Cir. 2010). Also on March 18, 2008, Chief Judge Beaty stayed the claims of the United States against Third Party Defendants Stephen Coggin, William Pintner, James Barry Light, and Hartsell B. Light, Jr. (See Order dated March 18, 2008 [Doc. #75].) Because of Plaintiff Erwin's appeal, the deadline for filing a request to lift the stay was thirty days from January 13, 2010, when Judgment was entered by the Fourth Circuit Court of Appeals.

---

[1] GCAD operated various Golden Corral restaurants in Ohio. Erwin also was involved in other restaurant businesses, including Ham's Restaurants, Inc. in North Carolina and Virginia.

On March 2, 2011, the United States filed a Motion to Lift Stay. In the Motion, the United States noted that it had initially focused on collecting the unpaid taxes and penalties from Mr. Erwin. However, Mr. Erwin's primary business and asset, Ham's Restaurants, Inc., subsequently filed a bankruptcy petition. Therefore, the United States began looking to the Third Party Defendants for recovery of the unpaid taxes. (See United States' Br. in Supp. of Mot. to Lift Stay [Doc. #93] Attach. 2 at 2.) On July 6, 2011, Chief Judge Beaty granted the Motion to Lift Stay but gave the Third Party Defendants thirty days to file motions to dismiss for the Court's consideration. Although Third Party Defendant Pintner had not previously objected to lifting the stay prior to the entry of the July 6, 2011 Order, Defendant Pintner is the only party who has filed a Motion to Dismiss. Pintner's Motion, as originally filed, raised two arguments in support of dismissal: (1) that this Court lacked personal jurisdiction over him; and (2) that the United States failed to file a timely motion to lift the stay. After Defendant Pintner's present counsel learned that through earlier counsel Defendant Pintner had agreed to submit to the personal jurisdiction of this Court, present counsel withdrew the contention that this Court lacked personal jurisdiction over Pintner. (See Reply in Supp. of Mot. to Dismiss [Doc. #115] at 7.) Therefore, the only argument remaining in support of Pintner's Motion to Dismiss is that the United States delayed in filing its Motion to Lift Stay and that this delay has prejudiced Defendant Pintner.

With respect to the other Third Party Defendants, Third Party Defendant Coggin has not answered the Complaint or otherwise appeared in this action, and the Clerk entered a default against him on November 29, 2006. The United States now seeks a default judgment against

3

him in the amount of $399,999.87, as of July 20, 2011, with statutory interest accruing thereafter. Finally, as to Third Party Defendants Hartsell Light and James Barry Light, the Government has filed an unopposed Motion to Amend the Scheduling Order in this case. The scheduling order for this case, prior to the intervening stay and appeal, set a September 19, 2007 deadline for filing dispositive motions. (See Order entered July 25, 2007 [Doc. #42].) On August 12, 2011, the United States filed its present Motion seeking leave to file a motion for summary judgment against Third Party Defendants Hartsell Light and James Barry Light. Defendants Hartsell Light and James Barry Light are proceeding *pro se* and have not responded to the Motion.

The Court will consider each of the pending motions in turn, beginning with the unopposed Motion for Default Judgment and Motion for Relief from Scheduling Order and finishing with the Motion to Dismiss by Third Party Defendant Pintner.

II.     DISCUSSION

    A.     Motion for Default Judgment

The Court considers first the Government's Motion for Default Judgment as to Defendant Stephen C. Coggin. The Court may enter a default judgment if (1) a party fails to plead or otherwise defend against a complaint, and (2) the clerk has entered that party's default. Fed. R. Civ. P. 55(b)(2); United States v. Preiss, No. 1:07CV589, 2008 WL 2413895, at 3 (M.D.N.C. June 11, 2008) (unpublished). In this case, Third Party Defendant Coggin was personally served and has failed to file an answer or otherwise defend this case.[2] On November

---

[2] The United States filed a "second protective complaint" against Third Party Defendant Coggin on April 20, 2011, before the ten-year limitation period expired. United States v. Coggin, No. 1:11CV308 (M.D.N.C.). The United States plans to dismiss that action if default judgment is awarded in the present action. (See United

4

29, 2006, the Clerk granted the United States' motion for entry of default against Mr. Coggin. The United States has also shown that Defendant Coggin is not a minor, an incompetent, or a member of the military. (See Decl. of Joseph Hunsader in Supp. of Mot. For Default J. & Exs. A, B [Doc. #107].) Therefore, all of the prerequisites for entry of default judgment have been met.

However, the Court nevertheless notes that in the unique circumstances of this case, there are concerns whether Defendant Coggin has been adequately placed on notice of the lifting of the stay and the intent of the United States to proceed against him in this action. In this regard, the Court notes the Clerk entered the default of Defendant Coggin almost six years ago in November 2006. It appears that Defendant Coggin was subsequently deposed in this action in 2007 as part of the Government's efforts to proceed against Mr. Erwin. (See Decl. of Joseph Hunsader in Supp. of Mot. For Default J. & Ex. A [Doc. #107].) However, because Defendant Coggin had not formally appeared in this case, he apparently was not served with a copy of the Government's Motion to Lift Stay or the Government's Motion for Default Judgment. As a result, Defendant Coggin may be unaware of the Government's intent to now proceed against the Third Party Defendants rather than Counter Defendant Erwin. Therefore, in the circumstances of this case, particularly given the extended passage of time and the procedural posture of the case prior to the stay, the Court will recommend that the

---

States' Memo. in Opp. to Pintner Mot. to Dismiss [Doc. #113] at n.7.) Defendant Coggin has not made an appearance in that action.

Government's Motion for Default Judgment be denied without prejudice to the Government refiling the Motion with service and an opportunity to respond as to Defendant Coggin.

B. Relief from Scheduling Order

The Government has also filed a Motion for Relief from the Scheduling Order in this case. As stated above, all dispositive motions were originally due on or before September 19, 2007. However, the United States now seeks to file a summary judgment motion against Third Party Defendants James Light and Hartsell Light. Under Fed. R. Civ. P. 16, it must show "good cause" for a modification of a scheduling order. Fed. R. Civ. P. 16(b)(4). In this case, the United States contends that it has shown "good cause" because the undisputed facts show that James Light and Hartsell Light are liable for the assessed tax and because summary judgment, if granted, will avoid the expense of an unnecessary trial and preserve scarce judicial resources. (See Memo. in Supp. of Mot. for Relief from Sch. Order [Doc. #112] at 2.) The United States also argues that the Light Defendants will not suffer any undue prejudice as a result of this extension.

The Light Defendants have not filed an opposition to this Motion, and the Court therefore treats the Motion as unopposed. See LR 7.3(k) (noting that if respondent fails to file a response, the motion will be decided as an uncontested motion and "ordinarily will be granted without further notice.") To the extent that the Government contends that the Light Defendants are liable for the assessed tax, the Court concludes that any consideration of this issue is more properly made after the matter has been fully briefed and the Light Defendants have been given an opportunity to respond. Accordingly, the Court will grant the unopposed

motion and the United States will be allowed to file a summary judgment motion against Defendants James Light and Hartsell Light, with a full opportunity for Defendants to respond before the underlying contentions are considered by the Court.

    C.        Defendant Pintner's Motion to Dismiss

Finally, the Court considers the Motion to Dismiss by Third Party Defendant Pintner. As stated above, Third Party Defendant Pintner has now withdrawn his motion to dismiss to the extent that it was based upon an alleged lack of personal jurisdiction. (See Reply in Supp. of Mot. to Dismiss [Doc. #115] at 7.) Therefore, the only argument remaining to support the motion to dismiss is that the United States failed to file a timely motion to lift the March 18, 2008 stay. As noted above, in its Motion to Lift Stay the United States explained that it initially believed that its claims against the Third Party Defendants could be satisfied by executing on its Judgment against Mr. Erwin. (See United States' Br. in Supp. of Mot. to Lift Stay [Doc. #93], Attach. 2 at 2.) That possibility is questionable now, according to the United States, because Mr. Erwin's primary business and asset, Ham's Restaurants, Inc., has filed a bankruptcy petition. Therefore, the United States is looking to the Third Party Defendants for recovery of the unpaid taxes.

In his Motion to Dismiss, Defendant Pintner argues that because Ham's Restaurants, Inc. declared bankruptcy before the deadline for filing a motion to lift the stay, the United States cannot rely on that bankruptcy filing to show "good cause" and "excusable neglect" under Fed. R. Civ. P. 6(b)(1). However, the July 6, 2011, Order in this case already lifted the Stay in this case, and allowed the Third Party Defendants to file motions to dismiss to the extent they

7

opposed and were prejudiced by the Government's delay. Thus, the question before this Court now is whether there is any other basis or prejudice to Defendant Pintner that would support dismissal of the claims against him given the Government's delay.

Having considered this issue, the Court notes that Defendant Pintner does not dispute that the limitation period for the United States to file an action against him runs until 2014. See 26 U.S.C. § 6502(a)(1) (2006) (stating that the United States may file a complaint within 10 years after assessment of tax); Third Party Compl. ¶ 20 [Doc. #9] (alleging an assessment date of Sept. 8, 2004). Thus, even if this Court were to dismiss the Third Party Complaint as to Defendant Pintner, any such dismissal would not be on the merits and would be without prejudice. The Government could simply refile the claims in a new suit since the statute of limitation still has not run. Under such circumstances, Defendant Pintner does not have the type of expectation of repose that he would have if a statute of limitation had expired or if he had been granted a default judgment. Moreover, the prejudice argued by Defendant Pintner, such as difficulties with retrieval of documents after the passage of time, unavailable witness testimony, and possibilities of lost evidence, would be present in any case filed near the end of the 10-year limitation period. Defendant Pintner's argument that he will be unduly prejudiced by not dismissing the Third Party Complaint against him is, therefore, not persuasive. His motion to dismiss should be denied.

III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Motion for Default Judgment as to Stephen Coggin filed by the United States [Doc. #105] be DENIED without

prejudice to the United States refiling the Motion with service of the Motion on Defendant Coggin.

IT IS FURTHER RECOMMENDED that the Motion to Dismiss Third Party Complaint filed by Third Party Defendant Pintner [Doc. #109] be DENIED.

IT IS ORDERED that any Objections to the Recommendation must be filed on or before March 15, 2012, and any Responses to the Objections must be filed on or before March 29, 2012.

FINALLY, IT IS ORDERED that the Motion for Relief from Scheduling Order filed by the United States [Doc. #111] is GRANTED, and the Government is given 14 days from this date of this Order to file its Motion for Summary Judgment.

This, the 1st day of March, 2012.

                                        /s/ Joi Elizabeth Peake
                                     United States Magistrate Judge