IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHARLES B. ERWIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant and Third Party Plaintiff, | ) ) ) | 1:06CV59 |
| v. | ) ) ) | |
| STEPHEN C. COGGIN, WILLIAM G. PINTNER, JAMES BARRY LIGHT, HARTSELL B. LIGHT, JR., | ) ) ) ) | |
| Third Party Defendants. | ) ) | |

MEMORANDUM OPINION & ORDER

BEATY, District Judge.

This matter is before the Court on a Motion for Default Judgment Against Stephen C. Coggin and for Certification of Final Judgment under Fed.R.Civ.P. 54(b) [Doc. #140] filed by the United States of America. For the reasons set out herein, the Court will grant the United States' Motion.

I. BACKGROUND

On January 20, 2006, Plaintiff Charles B. Erwin ("Mr. Erwin") filed a Complaint against the United States, seeking recovery of tax penalties assessed against him for unpaid employment taxes that were required to be withheld from the wages of the employees at GC Affordable Dining, Inc. ("GCAD"). Thereafter, the United States filed a Counterclaim against Mr. Erwin and a Third Party Complaint against Stephen C. Coggin ("Mr. Coggin"), William G. Pintner,

James Barry Light, and Hartsell B. Light, Jr. (collectively, "the Third Party Defendants") on April 21, 2006.[1]  In the Third Party Complaint, the United States alleges that on May 3, 2001, it assessed against Coggin "a trust fund recovery penalty in the total amount of $252,678.36, representing income and/or employment taxes that were required to be withheld from the wages of the employees of [GCAD] during taxable periods ending December 31, 1998, March 31, 1999, June 30, 1999, and September 30, 1999[,] and which were not paid over to the Government when due." (Third Party Compl. ¶ 13, [Doc. #9].)  Mr. Coggin failed to file an Answer or otherwise defend against the Third Party Complaint and, as a result, the Clerk of Court entered default against Mr. Coggin.  The United States now seeks a Default Judgment against Mr. Coggin for the assessed amount, plus applicable interest.[2]  In addition, the United States seeks certification of entry of a Final Judgment against Mr. Coggin pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  The Court will address each part of the United States' Motion in turn.

## II.  DEFAULT JUDGMENT

The Court may, in its discretion, enter a default judgment if (1) a party fails to plead or otherwise defend against a complaint, and (2) the clerk has entered that party's default. Fed. R. Civ. P. 55(b)(2); United States v. Preiss, No. 1:07CV589, 2008 WL 2413895, at *3 (M.D.N.C. June 11, 2008) (unpublished).  Upon entry of default, the Court takes as true the well-pleaded factual

---

[1] The present Motion seeks a Default Judgment against only Mr. Coggin, and does not relate to any other Third Party Defendant.

[2] The Court notes that the United States previously filed two Motions for Default Judgment [Doc. #105 & #130] against Mr. Coggin.  The Court, however, denied each of those Motions without prejudice to the United States refiling the Motion and including additional information regarding notice to Mr. Coggin and proof of Mr. Coggin's liability in this matter.  The Court finds that the United States has remedied both issues through its present Motion.

2

allegations set forth in the complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). However, "'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover'" and "'[t]he defendant is not held . . . to admit conclusions of law.'" Id. (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Where the claim underlying the Motion for Default Judgment alleges liability pursuant to 26 U.S.C. § 6672, the United States makes a prima facie case of tax liability when it submits certified copies of the certificates of the tax assessment to the Court. United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980). "Such certificates are presumed correct unless the defendant provides proof to the contrary." United States v. Register, 717 F. Supp. 2d 517, 522 (E.D. Va. 2010). Furthermore, "[t]his presumption is not limited merely to the amount of the assessment but requires that the taxpayer demonstrate that he was not a responsible person or that his failure to pay the taxes was not willful." Pomponio, 635 F.2d at 296.

In the present case, the United States has submitted a certified copy of the certificate of the tax assessments against Stephen C. Coggin. Such certificate shows that on May 3, 2001, Mr. Coggin was assessed a trust fund tax penalty in the amount of $252,678.36. (Ex. 2 to Mot. for Default J. [Doc. #140-2].) In addition, the United States submitted the affidavit of Natalio Budasoff, a paralegal in the Internal Revenue Service Office of Chief Counsel, which shows that as of April 29, 2013, the tax penalty owed by Mr. Coggin, taking into account all appropriate credits, payments, abatements, and interest, equals $415,165.62. (Ex. 1 to Mot. for Default J. [Doc. 140-1].) Based on this information, the Court finds that the United States has made a prima facie case of tax liability against Mr. Coggin. Therefore, Mr. Coggin bears the burden of rebutting the presumption of liability as to the amount at issue and must also "demonstrate that

he was not a responsible person or that his failure to pay the taxes was not willful." Pomponio, 635 F.2d at 296. Mr. Coggin, however, has not responded in any way to the United States' Motion and, therefore, has failed to rebut the presumption of liability in this case. As such, the Court will grant the United States' request for a Default Judgment against Mr. Coggin and will enter judgment against Mr. Coggin in the amount of $415,165.62, plus the interest that has and will accrue according to law from April 29, 2013.

III.   CERTIFICATION OF FINAL JUDGMENT

In addition to seeking a Default Judgment, the United States asks the Court to certify that such Default Judgment is a Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. To effectuate a Rule 54(b) certification, the Court must follow two steps: (1) "determine whether the judgment is final," and (2) "determine whether there is no just reason for delay in the entry of judgment." Braswell Shipyards, Inc v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). A judgment is "final" if it is the "ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. (quotations and citations omitted). In the present case, the Court finds that granting, herein, the United States' Motion for Default Judgment fully resolves all claims against Mr. Coggin. As such, the Court finds that there is a "final" judgment in this case as to the United States' claims against Mr. Coggin. Therefore, the Court will now determine whether there is no just reason for delay in the entry of a Final Judgment against Mr. Coggin.

In determining whether there is no just reason for delay in the entry of judgment, courts should consider the following factors, as applicable:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility

that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 1335-36 (quotations and citation omitted). In the present case, the Court first notes that only one claim remains pending in this case, that is, the United States' claim against Third Party Defendant William G. Pintner ("Mr. Pintner"). All claims against all other Third Party Defendants have been fully resolved.[3] Like the United States' claim against Mr. Coggin, the pending claim against Mr. Pintner also alleges violations of 26 U.S.C. § 6672. However, such claim raises factual and legal questions regarding whether Mr. Pintner, specifically, (1) is a "responsible person" within the meaning of the statute, and (2) wilfully failed to pay over the employment taxes at issue. Accordingly, this Court's grant of a Final Judgment as to Mr. Coggin neither requires nor precludes a finding of liability as to Mr. Pintner. See Erwin v. United States, 591 F.3d 313, 320 (4th Cir. 2010) ("More than one person may be held responsible for a corporation's payroll taxes. Indeed, '[t]he term "responsible person" is broad and may include many individuals connected with a corporation.'" (quoting O'Connor v. United States, 956 F.2d 48, 50 (4th Cir. 1992))). Therefore, the need for review of any Final Judgment entered against Mr. Coggin would not be mooted by a later liability determination as to Mr. Pintner. In that same vein, a reviewing court necessarily would have to address the particular facts applicable to Mr.

---

[3] On February 5, 2013, the Court entered a Memorandum Opinion and Order [Doc. #134] granting the United States' Motion for Summary Judgment against Third Party Defendants James Barry Light and Hartsell B. Light, Jr. ("the Light Brothers"). Thereafter, the Court entered a Final Judgment [Doc. #138] against the Light Brothers pursuant to Rule 54(b).

5

Pintner in order to determine his liability, regardless of the liability determination as to Mr. Coggin. As such, the reviewing court would not be required to hear the exact same matter more than once. Based on the foregoing, the Court finds no just reason for delay in the entry of Final Judgment against Mr. Coggin. As such, the United States' request for certification of Final Judgment will be granted and a Final Judgment against Stephen C. Coggin will be entered contemporaneously herewith pursuant to Rule 54(b).

IV. CONCLUSION

Based on the foregoing, IT IS ORDERED that the United States' Motion for Default Judgment Against Stephen C. Coggin and for Certification of Final Judgment under Fed.R.Civ.P. 54(b) [Doc. #140] is hereby GRANTED and the Court specifically certifies that there is no just reason for delay in the entry of Final Judgment against Stephen C. Coggin. A Final Judgment against Stephen C. Coggin in the amount of $415,165.62, plus the interest that has and will accrue according to law from April 29, 2013, will be entered contemporaneously herewith.

This the 12th day of August, 2013.

_____
United States District Judge